IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SEAN KIRKLAND, # 29998-037 | : | Civil Action No. WMN- 11-697 |
| | : | Criminal Action No. WMN-94-10 |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA | : | |

oo0oo
**MEMORANDUM**

Pending is Sean Kirklands's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255. The motion will be dismissed without prejudice for lack of jurisdiction for the reasons that follow.

**Background**

In 1997, Kirkland was convicted of participation in a narcotics distribution conspiracy in violation of 21 U.S.C. §846, and his conviction was affirmed on appeal. *See United States v. Kirkland*, 141 F.3d 1160 (4th Cir. 1998) (unpublished). [1] Kirkland filed a Motion to Vacate, Set Aside or Correct Sentence which was dismissed with prejudice on July 12, 2001. On November 19, 2001, the Fourth Circuit dismissed his appeal of that decision and denied a Certificate of Appealability. *See United States v. Kirkland*, 22 Fed Appx. 158 (4th Cir. 2001) (unpublished).

**Analysis**

---

[1] Although Kirkland only references his narcotics conspiracy conviction in the motion, he was also convicted of intentional killing of another while engaging in an offense punishable under 21 U.S.C. § 848 (e)(1)(A), killing to prevent the attendance or testimony of a person in an official proceeding in 18 U.S.C. § 1512(a)(1)(A); killing to prevent the communication of a person with law enforcement officials, 18 U.S.C. §1512(a)(1)(C); and conspiracy to kill a person in violation of 18 U.S.C. 1512(a)(1)(A), (C), 18 U.S.C. § 371. *See Kirkland*, 141 F. 3d at 1160.

This is Kirkland's second §2255 motion. Federal district courts lack jurisdiction to consider second or successive § 2255 motions unless directed to do so by the Court of Appeals. *See* 28 U.S.C. §§ 2244 (b)(3)(A) and 2255; *In re Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997) (*en banc*). Since Kirkland provides no evidence that he has obtained pre-filing authorization from the Fourth Circuit, this petition will be dismissed without prejudice by separate order to follow.

Accompanying this memorandum is a packet of instructions published by the Fourth Circuit which addresses the comprehensive procedure to be followed to request authorization to file a successive § 2255 motion. It is to be emphasized that Kirkland must obtain permission from the Fourth Circuit to file a second or successive petition before this district court may examine his claims.

**Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules Governing Proceedings Under 28 U.S.C. §2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). Where a motion is denied on a procedural ground, a certificate of appealability will not issue unless the

---

Kirkland is serving a life sentence.

petitioner can demonstrate both "(1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir.2001) (quotation marks omitted). Kirkland does not satisfy this standard. Denial of a certificate of appealability, however, does not prevent him from seeking pre-filing authorization for a successive motion under 28 U.S.C. § 2255.

**Conclusion**

For the foregoing reasons, the Motion to Vacate, Set Aside or Correct will be dismissed without prejudice for lack of jurisdiction and a certificate of appealability will not issue. A separate order follows.

/s/

__5/10/2011__
Date

William M. Nickerson
Senior Judge